**IN THE UNITED STATES DISTRICT COURT**
**FOR WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| SAMANTHA N. DUCKETT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| SUN LIFE ASSURANCE COMPANY | ) | |
| OF CANADA | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant, Sun Life Assurance Company of Canada ("Sun Life"), by its attorneys, and hereby gives notice that it has removed the above-entitled case from the Circuit Court of the Clay County, Missouri to the United States District Court for the Western District of Missouri. In support of its Notice, Standard states to the Court:

1.      Plaintiff, Samantha N. Duckett ("Plaintiff"), commenced this cause in the Circuit Court of Clay County, Missouri on or about April 16, 2021.

2.      Defendant, Sun Life, was served May 3, 2021.

3.      The Petition, the Summons and the evidence of Service are the only documents that Sun Life has been able to obtain through Case Net with the State Court. It is attached hereto as Exhibit A. Exhibit 1 referenced in the Petition (the beneficiary designation) is filed under seal.

4.      Although paragraph 3 of the Petition is incomplete, it appears from reading the Petition that Plaintiff intended to allege that Tristan Kuritz passed away on February 3, 2019. (Petition, ¶3).

5.     Plaintiff alleges that at the time of his death, Kuritz was an employee of Long Motor Corporation ("LMC"). (Petition, ¶4).

6.     LMC sponsored an "employee welfare benefit plan," as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1002(1), that offered life insurance coverage and benefits to eligible, qualifying employees of LMC and under specified circumstances their qualifying beneficiaries (hereinafter "Life Plan").

7.     Sun Life insured benefits that became properly payable under the Life Plan.

8.     Plaintiff alleges that Kurtz designated her as the beneficiary of the Life Plan (Petition, ¶7)

9.     Plaintiff alleges that as a result of Kurtz's death, benefits became payable to her under the Life Plan. (Petition, ¶¶ 7 and 8)

10.     Plaintiff alleges that she submitted a claim to Sun Life for Life Plan benefits, but that Sun Life has refused to pay Life Plan benefits to her.  (Petition, ¶¶ 8 -10).

11.     Plaintiff brings her Petition to recover those Life Plan benefits she alleges Standard has refused to pay. (Petition, ¶ 10).

12.     Plaintiff's Petition arises under ERISA, 29 U.S.C. § 1001 et seq. as hereinafter more fully appears.

a)     ERISA § 3(1), 29 U.S.C. § 1002(1) defines "employee welfare benefit plan" as follows:

> **(1)** The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits,

- 2 -

or benefits in the event of sickness, accident, disability, **death** or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions. (emphasis added)

b)     The Plan from which Plaintiff seeks to recover benefits is an "employee welfare benefit plan" within the meaning of ERISA § 3(1) because the plan was sponsored by Plaintiff's employer, Long Motor Corporation, and provided benefits, through insurance, in the event of death to eligible, qualifying beneficiaries who complied with the terms of the plan.

c)     ERISA § 502(a), 29 U.S.C. § 1132(a), allows participants and beneficiaries of an employee benefit plan to initiate lawsuits to recover benefits they believe they are entitled to receive from the employee benefit plan and have been wrongly denied.  That section provides:

(A)     a civil action may be brought –
(1)     by a participant or beneficiary
(a)     ***
(b)     to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

d)     ERISA § 502(e), 29 U.S.C. § 1132(e), further provides that:

State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

- 3 -

13.     This Court, pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e), has subject matter jurisdiction over any claim brought under or pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

14.     This Court has original jurisdiction of this cause pursuant to 28 U.S.C. § 1331. ERISA completely preempts all state law causes of action related to Plaintiff's claim for life benefits.  *See Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58 (1987).

15.     A plaintiff may not prevent the removal of her cause of action to federal court by artfully pleading her claims in such a way as to make it appear as though ERISA does not apply. *See Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58 (1987); *Hull v. Fallon,* 188 F.3d 939, 942 (8th Cir. 1999).

16.     This action is removable pursuant to 28 U.S.C. § 1441.

17.     The Petition, the Summons and the evidence of service in this action are attached hereto and incorporated herein by reference.

18.     Sun Life's removal is timely because it within thirty days of service being made upon Sun Life.

WHEREFORE, Defendant, Sun Life Assurance Company of Canada, respectfully gives notice that the above-entitled cause is removed from the Circuit Court of the Clay County Missouri.

Dated this 1st day of June, 2021.

**THOMPSON COBURN LLP**

By:*/s/ Richard J. Pautler*
  Richard J. Pautler, #30789
  Jennifer D. Baetje #48909
  One US Bank Plaza – 28th Floor
  St. Louis, MO  63101
  (314) 552-6000

- 4 -

(314) 552-7000 (fax)
rpautler@thompsoncoburn.com
jbaetje@thompsoncoburn.com
Attorneys for Defendant Sun Life Assurance
Company of Canada

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on the 1st day of June, 2021 a copy of the foregoing was served via email and by U.S. Mail, postage prepaid upon:

James H. Thompson, Jr.
Thompson Law Offices, P.D.
One Town Square
North Kansas City, MO  64116
jim@tlopc.com
Attorney for Plaintiff Samantha N. Duckett


*/s/  Richard J. Pautler*