IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SAMANTHA N. DUCKETT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SUN LIFE ASSURANCE COMPANY )<br>OF CANADA, )<br>)<br>Defendant. ) | Case No. 21-cv-00380-SRB |

## ORDER

Before the Court is Defendant Sun Life Assurance Company of Canada's ("Sun Life") Motion to Dismiss or in the Alternative to Order the Joinder of a Party. (Doc. #10.) For the reasons discussed below, the motion is GRANTED.

### I. BACKGROUND

On June 1, 2021, Sun Life removed this case from state court. In her Complaint,[1] Plaintiff Samantha Duckett ("Plaintiff") alleges that on February 3, 2019, Tristen Wyatt Kuritz ("Kuritz") died in a car accident.[2] At the time of his death, Kuritz was an employee of Long Motor Corporation ("LMC"). Sun Life had in effect with LMC a group life insurance policy, insuring Kuritz's life for $10,000.00 (the "Policy"). Plaintiff alleges that Kuritz designated her as the Policy's beneficiary. Plaintiff alleges that a reasonable amount of time has passed since the death of Kuritz, yet Sun Life has not paid her the benefits allegedly owed under the Policy. Plaintiff brings this action against Sun Life to recover the $10,000.00 allegedly owed to her.

---

[1] The Court is referring to the "Petition for Damages" as a "Complaint" to comport with the language used in the Federal Rules of Civil Procedure.

[2] The Complaint (Doc. #1-1) does not specify how Kuritz died. However, based on the briefing of the parties, the Court has ascertained that Kurtiz died in a car crash.

The following facts are alleged in Sun Life's motion.[3] The LMC life insurance plan under which the Policy to Kuritz was issued (the "LMC Plan") is subject to the Employee Retirement Income Security Act of 1974 ("ERISA").[4] Sun Life agrees it was liable to disburse the Policy benefits to the proper beneficiary. Upon Kuritz's death, his parents, as estate administrators, opened a probate estate (the "Estate") in the District Court of Douglass County, Kansas, Probate Division. Kuritz's parents included the Policy benefits as an Estate asset on the Inventory and Valuation of Probate Assets. (Doc. #12-2, p. 2.) Plaintiff sought to intervene in the probate proceeding, asserting she had a common law marriage with Kuritz. The probate court rejected this argument. (Doc. #12-3.) Plaintiff never specifically contested whether the Policy benefits should be included in the Estate's Inventory. Accordingly, on April 21, 2021, Sun Life paid the Policy benefits to the Estate. (Doc. #12-1.)

Sun Life now brings the instant motion under Federal Rule of Civil Procedure 12(b)(7). Sun Life argues that the Estate is a necessary party to this case. In turn, Sun Life requests that this case be dismissed or, alternatively, the Court mandate that Plaintiff add the Estate as a party. Plaintiff opposes the motion.

## II. LEGAL STANDARD

A party may move the Court to dismiss a Complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). In relevant part, Rule 19 provides that:

> (1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or

---

[3] In addition to their motion and supporting briefs, Sun Life attached an affidavit of their employee Susan Everhart, a copy of checks issued to the Estate administrators paid by Sun Life

[4] In her opposition brief, Plaintiff agrees that the Policy is an "ERISA plan sponsored by the deceased's employer, Long Motor Corporation[.]" (Doc. #15, p. 3.)

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A), (B)(i)-(ii).[5] The party moving for joinder "bears the burden of proving that joinder . . . is required." *Speaks Family Legacy Chapels, Inc. v. Nat'l Heritage Enters., Inc.*, No. 2:08–cv–04148–NKL, 2009 WL 2391769, at * 7 (W.D. Mo. Aug. 3, 2009) (citations omitted).

## III.  DISCUSSION

Sun Life argues it is at a substantial risk of incurring double or otherwise inconsistent obligations should the Estate not be joined.[6]  Plaintiff disagrees, arguing that "by Sun Life's own admission, it cannot be at risk of incurring inconsistent obligation since it has already voluntarily made a payment to the Estate."  (Doc. #15, p. 2.)  The Court agrees with Sun Life, and finds the Estate is a necessary party.

"An inconsistent obligation occurs when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Bohanna v. Hartford Life & Accident Ins. Co.*, 848 F.Supp.2d. 1009, 1016 (W.D. Mo. 2012) (quotation marks and citations omitted).  If the Estate is not joined in this action, it may bring a lawsuit in a different court to determine that it is the proper beneficiary under the Policy.  If that court were

---

[5] Defendant argues, and Plaintiff does not dispute, that the Estate is subject to service and that its joinder would not destroy subject-matter jurisdiction.

[6] Sun Life also argues the Estate's ability to protect its interests will be impaired or impeded if it is not joined to this suit, including that the Estate would become an ERISA fiduciary if the Court were to rule in Plaintiff's favor.  Because the Court finds joinder is proper under Rule 19(a)(1)(B)(ii), this argument need not be addressed.

to find differently than this Court, Sun Life would incur inconsistent or double obligations regarding to whom the Policy benefits should be paid.  The Court finds this risk is substantial, particularly in light of the Estate including the Policy benefits as Estate assets in the Kansas probate court action and the fact that Sun Life has already paid the benefits to the Estate.  *See Belcher ex rel. Belcher v. Prudential Ins. Co. of Am.*, 158 F.Supp.2d 777, 779–80 (S.D. Ohio 2001) (noting that "[a]n absent claimant to a limited fund, such as the proceeds of an insurance policy, is ordinarily considered to be an indispensable party to litigation").

In turn, the Court finds that the Estate is a necessary party under Rule 19(a)(1)(B)(ii).  Because joinder of the Estate is feasible, dismissal at this juncture is inappropriate.  Instead, the Court orders Plaintiff to join the Estate within thirty (30) days.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Sun Life's Motion to Dismiss or in the Alternative to Order the Joinder of a Party (Doc. #10) is GRANTED.  Plaintiff shall file an amended complaint on or before August 23, 2021, joining the Estate as a party to this action.  Plaintiff shall effectuate service within ninety (90) days after filing the amended complaint.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
Dated: August 2, 2021                                UNITED STATES DISTRICT JUDGE